In the Matter of **PARAGON HOMES, INC.**, Debtor.

**EMJAY CORPORATION**, Plaintiff,

v.

**FIRST INTERSTATE BANK OF WISCONSIN; Paragon Homes, Inc.; and Louis R. Jones, Successor Trustee, Defendants.**

Bankruptcy No. 85–03905.
Adv. No. 86–0139.

United States Bankruptcy Court,
E.D. Wisconsin.

July 13, 1988.

Debra A. Slater, Weiss, Berzowski, Brady & Donahue, Milwaukee, Wis., for plaintiff.

Howard A. Schoenfeld, Godfrey & Kahn, Milwaukee, Wis., for First Interstate Bank of Wisconsin.

Louis R. Jones, Jones & Feldner, Milwaukee, Wis., Trustee.

## MEMORANDUM DECISION

C.N. CLEVERT, Chief Judge.

Emjay Corporation ("Emjay") filed this adversary proceeding to determine whether a certificate of deposit, held by the First Interstate Bank of Wisconsin, is property of the Paragon Homes Chapter 7 estate or property of the Emjay Corporation Profit Sharing Trust and Plan. Paragon's trustee has joined Emjay in asking the court to enter an order directing First Interstate to distribute proceeds from the CD to the rightful party.

The stipulated facts are as follows: The plaintiff, Emjay, is a sponsor and plan administrator of a master trust and profit-sharing plan known as "The Emjay Corporation Profit–Sharing Trust and Plan Sponsored by Emjay Corporation" (the "Plan"). This Plan was adopted by Paragon as its qualified profit-sharing plan. Paragon and the Plan's trustee and sponsor executed a joinder agreement which set forth the specifications of the Plan.

Pursuant to the joinder agreement, Paragon made yearly contributions to the trust created by the Plan. Under the direction of the trustee and plan sponsor, the trust made various investments. One of the investments was initiated by letter dated December 16, 1981, from Emjay to Southwest Bank ("Southwest"). With this letter, Emjay sent its trust account check in the amount of $11,143.24 to Southwest, predecessor to First Interstate, and directed it to invest the trust account check in a certificate of deposit in the name EMJAYCO FBO Paragon Homes, Inc., Profit Sharing Plan No 1238, P.O. Box 17909, Milwaukee, WI. 53217. Instead, Southwest erroneously issued the CD in care of Emjayco and with Emjayco's tax identification number. However, it was made payable to Paragon Homes, Inc.

Upon maturity, this certificate was rolled over and similar certificates of deposit were issued in varying amounts which included earned interest as well as additional deposits through June 12, 1985.

On June 12, 1985, Emjay instructed First Interstate to renew the matured CD and advised it to issue the new CD under Emjayco's registration and to include the plan number. As a result, First Interstate issued CD # 1004 which contained the Emjay master trust tax number, but without evidence of Emjayco's nominee ownership. Emjay tendered CD # 1004 to First Interstate on October 11, 1985, and requested cancellation and payment to Emjayco. First Interstate refused the request and this suit followed.

The issue presented is whether CD # 1004 is property of the bankruptcy estate under § 541 of the Bankruptcy Code or property of a trust held by Emjay for the beneficiaries of the Emjay Corporation Profit–Sharing Trust and Plan.

Upon the filing of the bankruptcy petition, § 541 of the Bankruptcy Code defines the property that comprises property of the estate. Specifically, § 541(a)(1) provides that "all legal or equitable interests of the debtor in property" wherever located and by whomever held shall become part of the estate.

According to the Plan, Paragon was to make yearly contributions to Emjay to be held in trust for the benefit of the Plan's participants. Moreover, the Plan provided that in no event shall the principal or income of the trust be paid or revert to Paragon or that it be used for any purpose other than the exclusive benefit of the plan participants or their beneficiaries. Paragon's bankruptcy trustee underscored this point when the brief filed herein conceded that Paragon made payments to Emjay for the purpose of contributing to the Plan. Thus, this court must find that Paragon did not retain any legal or equitable interest in the funds it transferred to the Plan.

For the foregoing reasons, it is the decision of this court that Certificate of Deposit # 1004 is property of the trust held by Emjay and not property of the estate.